UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| AUTUMN JOURNEY HOSPICE, INC., | : | | |
|---|---|---|---|
| Plaintiff, | : | Civil Action No.: | 09-2403 (RMU) |
| v. | : | Re Document Nos.: | 8, 9 |
| KATHLEEN SEBELIUS, in her official capacity as Secretary of the U.S. Department of Health and Human Services, | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**OVERRULING THE DEFENDANT'S OBJECTION TO THE PLAINTIFF'S RELATED CASE DESIGNATION; DENYING THE DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

The plaintiff is a hospice care provider participating in Medicare, a federal program administered by the Department of Health and Human Services ("HHS"). It commenced this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553 *et seq.*, challenging HHS's demands for repayment of funds distributed to the plaintiff purportedly in excess of the lawful cap on such distributions. Because the plaintiff filed a notice indicating that this matter was related to a separate action before the undersigned judge, *Russell-Murray v. Sebelius*, No. 09-2033, the case was assigned to the undersigned judge as a related case.

The defendant, the Secretary of HHS, has filed an objection to the plaintiff's related case designation, arguing that this case is not related to the *Russell-Murray* matter under the Local Civil Rules and should be randomly reassigned. The defendant has also moved to dismiss the

plaintiff's complaint without prejudice on jurisdictional grounds, arguing that the plaintiff has yet to receive a final decision from the agency on its administrative challenge. For the reasons discussed below, the court overrules the defendant's objection to the plaintiff's related case designation and denies the defendant's motion to dismiss.

## II. BACKGROUND

### A. Framework for Review of Medicare Reimbursement Disputes

Medicare provides health insurance to the elderly and disabled by entitling eligible beneficiaries to have payments made on their behalf for the care and services rendered by health care providers. *See* 42 U.S.C. §§ 1395 *et seq.* Providers are reimbursed for the care they provide to Medicare beneficiaries by insurance companies, known as "fiscal intermediaries," that have contracted with the Centers for Medicare and Medicaid Services ("CMS") to aid in administering the Medicare program. *See id.* § 1395h. Fiscal intermediaries determine the amount of reimbursement due to providers under the Medicare statute and applicable regulations. *See id.* § 1395kk-1.

If the provider is dissatisfied with a fiscal intermediary's determination, and the "amount in controversy is $10,000 or more," the provider may appeal that determination to the Provider Reimbursement Review Board ("PRRB") within 180 days of its issuance. *Id.* § 1395oo(a). A decision of the PRRB constitutes a final agency ruling, unless reviewed by the CMS Administrator, to whom the HHS Secretary has delegated the authority to review PRRB rulings. *Id.* § 1395oo(f)(1); *see also* 42 C.F.R. § 405.1875. If the Administrator exercises its authority to reverse, affirm or modify a PRRB ruling, the provider may seek judicial review of the Administrator's determination in a civil action. 42 U.S.C. § 1395oo(f)(1).

If the intermediary's action involves a question of law that the PRRB lacks the authority to address, the Medicare statute provides that the PRRB may grant expedited judicial review ("EJR") of that question. *See id.* Specifically, the statute states that "[p]roviders shall . . . have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines . . . that it is without authority to decide the question, by a civil action commenced within sixty days of the date on which notification of such determination is received." *Id.* The statute further provides that such a determination by the PRRB "shall be considered a final decision and not subject to review by the [Administrator]." *Id.*

### B. The Hospice Care Reimbursement Cap

Medicare provides hospice care for individuals who are "terminally ill," reimbursing hospices for services such as nursing care, physical or occupational therapy, home health aide services, medical supplies and counseling. 42 U.S.C. § 1395x(dd)(1). The Medicare statute, however, places a cap on the total amount that Medicare may distribute to a hospice provider in a single fiscal year (November 1 through October 31). *See id.* § 1395f(i)(2)(A). Payments made to a hospice care provider in excess of the statutory cap are considered overpayments that must be refunded by the hospice care provider. *Id.*

More specifically, the statute provides that the total yearly payment to a hospice provider may not exceed the product of the annual "cap amount" and the "the number of [M]edicare beneficiaries in the hospice program in that year." *Id.* For purposes of this calculation,

> the "number of [M]edicare beneficiaries" in a hospice program in an accounting year is equal to the number of individuals who have made an election under subsection (d) of this section with respect to the hospice program and have been provided hospice care by (or under arrangements made by) the hospice program under this part in the accounting year, *such number reduced to reflect the proportion of hospice care that each such individual was provided in a previous*

3

> *or subsequent accounting year* or under a plan of care established by another hospice program.

*Id.* § 1395f(i)(2)(C) (emphasis added).

To implement these statutory cap provisions, HHS promulgated a reimbursement regulation governing the calculation of the statutory cap amount. *See* 42 C.F.R. § 418.309. In pertinent part, the regulation provides that the "number of beneficiaries" portion of the statutory cap calculation includes

> [t]hose Medicare beneficiaries who have not previously been included in the calculation of any hospice cap and who have filed an election to receive hospice care . . . from the hospice during the period beginning on September 28 (35 days before the beginning of the cap period) and ending on September 27 (35 days before the end of the cap period).

*Id.* § 418.309(b)(1) (emphasis added).

### C. The Plaintiff's Challenge

The plaintiff is a hospice care provider to whom HHS issued a cap repayment demand for fiscal year 2007. *See generally* Compl. It challenges the repayment demand on the grounds that 42 C.F.R. § 418.309(b)(1), the regulation pursuant to which the demands were calculated, conflicts with 42 U.S.C. § 1395f(i)(2), the statutory provision the regulation purports to implement. *See generally id.* The plaintiff asserts that whereas the Medicare statute requires HHS to allocate the cap amount across years of service by proportionally adjusting the "number of beneficiaries" in any given year to reflect hospice services provided to an individual in previous and subsequent years, the reimbursement regulation provides that an individual is counted as a beneficiary only in a single year, depending on when he or she first elects hospice benefits. *See id.* ¶¶ 23-32.

On November 3, 2009, the PRRB granted the plaintiff's request for EJR of the validity of 42 C.F.R. § 418.309(b)(1). *Id.* ¶ 7. The plaintiff then filed a complaint in this court on

December 22, 2009, together with related case notice indicating that this case was related to *Russell-Murray v. Sebelius*, No. 09-2033, a pending matter already assigned to the undersigned judge. Compl.; Pl.'s Notice of Related Case. Like the plaintiff in this case, the plaintiff in *Russell-Murray* was a hospice care provider challenging the validity of 42 C.F.R. § 418.309(b)(1) on the grounds that it did not provide for the proportional allocation of beneficiaries across years of service, as required by 42 U.S.C. § 1395f(i)(2). *See generally* Compl., *Russell-Murray v. Sebelius*, No. 09-2237 (D.D.C. Oct. 29, 2009). Due to the plaintiff's related case designation, the case was assigned to the undersigned judge.

On March 15, 2010, the defendant filed an objection to the plaintiff's related case designation. *See generally* Def.'s Obj. to Pl.'s Related Case Designation ("Def.'s Obj."). The defendant contends that this case and the *Russell-Murray* case are not related under the Local Civil Rules and that this case should be randomly reassigned. *See generally id.* The plaintiff maintains that it properly designated this case as related to *Russell-Murray* and that the defendant's objection to its related case designation should be overruled. *See generally* Pl.'s Resp. to Def.'s Obj.

On the same day it objected to the plaintiff's related case designation, the defendant also filed a motion to dismiss the plaintiff's complaint without prejudice for lack of jurisdiction. *See generally* Def.'s Mot. to Dismiss. The defendant notes that on December 30, 2009, the CMS Administrator issued a ruling purporting to vacate the PRRB's November 3, 2009 decision granting the plaintiff's request for EJR. *See generally id.*, Ex. A. According to the CMS Administrator, the PRRB had not properly determined that the plaintiff's challenge satisfied the $10,000 amount in controversy threshold to PRRB jurisdiction. *Id.* at 10 & Ex. A at 9-10. The CMS Administrator therefore vacated the PRRB's jurisdictional determination and remanded the

matter to the PRRB for additional findings on whether the plaintiff's challenge meets the amount in controversy requirement. *Id.*, Ex. A at 10. The defendant argues that because the administrative appeal is still pending, there is no final administrative decision for the court to review and that the court therefore lacks jurisdiction over the plaintiff's claim. *Id.* at 13.

The defendant's objection to the plaintiff's related case designation and motion to dismiss are ripe for adjudication. The court therefore turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

#### A. The Court Overrules the Defendant's Objection to the Related Case Designation

The defendant objects to the plaintiff's related case designation, asserting that this case and the *Russell-Murray* case do not involve common issues of fact and do not arise out of a common event or transaction. *See generally* Def.'s Obj. The plaintiff responds that the court should overrule the defendant's objection because the two cases involve common facts and present identical issues. *See generally* Pl.'s Resp. to Def.'s Obj.

Local Civil Rule 40.5, more commonly referred to as the "related case rule," stands as an exception to the general rule of random case assignment. *Tripp v. Exec. Off. of the Pres.*, 194 F.R.D. 340, 342 (D.D.C. 2000). The rule provides that when a new case is "related" to a case pending before a judge in this district, the new case is assigned to the judge to whom the pending related case has been assigned. LCvR 40.5(c); *see also Doe v. Von Eschenbach*, 2007 WL 1655881, at *1 (D.D.C. June 7, 2007) (observing that the related case rule embodies the principle that in certain instances, the interests of judicial economy outweigh the fundamental interests served by the random assignment rule). Civil cases "are deemed related when then the earliest is

still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). "The party requesting related-case designation and seeking to avoid random assignment bears the burden of showing that the cases are related under a provision of Local Civil 40.5." *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002).

Since the commencement of the *Russell-Murray* case, different hospice care providers have commenced six separate actions in this district challenging cap repayment demands issued by HHS.[1] Each case, including the matter now before the court, was filed as a related case and assigned to the undersigned judge. Each of these cases concerns a hospice care provider subject to recently issued cap repayment demands calculated pursuant to the same regulation, 42 C.F.R. § 418.309. In each case, the hospice care provider challenges the validity of the regulation on the grounds that it does not provide for the proportional allocation of beneficiaries across years of service, as required by 42 U.S.C. § 1395f(i)(2). Each case thus presents identical issues for resolution: whether the regulation impermissibly conflicts with the underlying statute and, if so, what relief should be afforded the plaintiff hospices. Accordingly, there is substantial overlap in both the factual underpinning and the legal matters in dispute in each of these hospice cap cases.

Indeed, in litigation before another federal district court, HHS itself has stipulated to the transfer of separate hospice cap cases to a single judge, acknowledging that those separate challenges to the same hospice cap regulation "involve common questions of fact, arise from

---

[1] *See generally* Compl., *Russell-Murray v. Sebelius*, No. 09-2237 (D.D.C. Oct. 29, 2009); Compl., *Destiny Hospice, Palliative Care, Specialty Servs. Inc. v. Sebelius*, No. 09-2237 (D.D.C. Nov. 24, 2009); Compl. (Dec. 22, 2009); Compl., *Hospice Advantage, Inc. v. Sebelius*, No. 10-845 (D.D.C. May 21, 2010); Compl., *Affinity Healthcare Servs., Inc. v. Sebelius*, No. 10-946 (D.D.C. June 8, 2010); Compl., *Heaven & Earth Hospice, LLC*, No. 10-1166 (D.D.C. July 12, 2010); Compl., *Carrolton Home Care, Inc. v. Sebelius*, No. 10-1697 (D.D.C. Oct. 14, 2010).

7

similar transactions and events, involve similar parties, and the same counsel." Joint Mot. & Stipulation to Consolidate at 1, *Legacy Health Care, Inc. v. Sebelius*, No. 09-149 (D. Utah Feb. 11, 2010). These cases, which according to HHS "involve common questions of fact" appear to be no more related than the hospice cap cases before the undersigned judge. *See generally Legacy Health Care, Inc. v. Sebelius*, 2010 WL 3258131 (D. Utah Aug. 17, 2010). Furthermore, the court notes that HHS has not objected to the related case designations filed in any of the other five hospice cap cases commenced after *Russell-Murray*.

In light of the above, the court concludes that these hospice cap cases do indeed share common factual issues and arise out of a common event or transaction – namely, the promulgation of the hospice cap reimbursement regulation and the calculation of the plaintiff hospices' cap repayment obligations pursuant to that regulation – such that judicial economy would be served by having these matters resolved by the same judge. *See* LCvR 40.5; *cf. Lucas v. Barreto*, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005) (concluding that the plaintiff's related case designation was invalid "[i]n light of the tenuous relationship of the claims in the[] two cases"); *Dale v. Executive Office of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (noting that two case were properly deemed unrelated because "[a]ny common issues of fact [were] minimal and completely insufficient" to overcome the presumption of random assignment). Accordingly, the court overrules the defendant's objection to the plaintiff's related case designation.

### B. The Court Denies the Defendant's Motion to Dismiss

In its motion to dismiss, the defendant contends that the court lacks jurisdiction over the plaintiff's claim because the CMS Administrator vacated the PRRB's grant of EJR to the plaintiff in this case. Def.'s Mot. to Dismiss at 13-19. As a result, the defendant argues, there is

no final decision for the court to review. *Id.* The plaintiff responds that the CMS Administrator lacks the authority to review the PRRB's grant of EJR and that it was improper for the CMS Administrator to require detailed jurisdictional findings by the PRRB merely to establish its jurisdiction over the plaintiff's challenge. *See generally* Pl.'s Opp'n.

This court has already held in a related hospice cap case that the CMS Administrator lacks the authority to reverse a PRRB determination granting EJR to a provider. *See Affinity Healthcare Servs., Inc. v. Sebelius*, 2010 WL 4258989, at *6-11 (D.D.C. Oct. 25, 2010). (denying the defendant's motion to dismiss based on the CMS Administrator's reversal of a PRRB decision granting EJR to a hospice care provider). The court noted that the relevant statutory provision clearly states that providers shall have the right to obtain judicial review "whenever" the PRRB grants EJR to a provider. *Id.* at *6-7. The court concluded that this provision, coupled with the remainder of the statute and its legislative history, make clear that Congress intended to "establish[] a framework under which providers have recourse to immediate judicial review *whenever* the PRRB makes a no authority determination, without the obstacle of additional review at the administrative level, so long as they commence a civil action within sixty days of the PRRB's determination." *Id.* at *8.

For the same reasons articulated in *Affinity*, the court once again concludes that the CMS Administrator lacked the authority to reverse the PRRB's November 3, 2009 decision granting EJR to the plaintiff. Accordingly, the court denies the defendant's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court overrules the defendant's objection to the plaintiff's related case designation and denies the defendant's motion to dismiss. An Order consistent with

this Memorandum Opinion is separately and contemporaneously issued this 3rd day of December, 2010.

RICARDO M. URBINA
United States District Judge